UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| J. ROBERT ARBUTHNOT, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>AEROPOSTALE, INC., et al.,<br><br>　　　　　　　　　　Defendants. | : : : : : : : : : : : : | Civil Action No. 1:11-cv-07132-CM<br><br>MEMORANDUM IN SUPPORT OF THE MOTION OF J. ROBERT ARBUTHNOT FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL |

## I.     PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all persons, other than defendants, who purchased the common stock of Aeropostale, Inc. ("Aeropostale" or the "Company") between February 3, 2011 and August 3, 2011, inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class member J. Robert Arbuthnot ("Arbuthnot") hereby moves this Court for an Order to: (i) appoint him as Lead Plaintiff in the Action under Section 21D of the Exchange Act; and (ii) approve his selection of the law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Holzer Holzer & Fistel LLC ("Holzer") to serve as Lead Counsel.

This motion is made on the grounds that Mr. Arbuthnot is the most adequate plaintiff, as defined by the PSLRA. Mr. Arbuthnot suffered losses of $14,893.20 in connection with his purchases of Aeropostale common stock during the Class Period. *See* Rosenfeld Decl., Ex. B.[1] To the best of our knowledge, this is the greatest loss sustained by any moving Class member who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, Mr. Arbuthnot, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the putative Class and that he will fairly and adequately represent the interests of the Class.

---

[1]     References to the "Rosenfeld Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld, dated December 12, 2011 and submitted herewith.

**II.     FACTUAL BACKGROUND**[2]

Aeropostale operates as a mall-based specialty retailer of casual apparel and accessories. It designs, markets, and sells merchandise principally targeting 14 to 17 year-old women and men.

The complaint charges Aeropostale and certain of its officers and directors with violations of the Exchange Act. According to the complaint, during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and prospects. Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (i) that Aeropostale was experiencing declining demand for its women's fashion division, which makes up 70% of the Company's sales; (ii) that Aeropostale was enduring pressure on its profit margins as a result of increasing inventory and higher discounts on its clothing; and (iii) that, as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

On August 4, 2011, Aeropostale provided a business update for the second quarter of 2011. For the quarter, the Company reported net sales of $468.2 million, a decrease of 5% from the second quarter of 2010, and expected net earnings to be in the range of $0.02 to $0.03 per share – well below the Company's guidance of $0.11 to $0.16 per share. In reaction to the Company's announcement, on August 4, 2011, the price of Aeropostale stock fell $3.99 per share, or 24%, to close at $12.53 per share, on extremely heavy trading volume.

---

[2]     These facts are drawn from the allegations in the complaint.

**III.   ARGUMENT**

    **A.   Mr. Arbuthnot Should Be Appointed Lead Plaintiff**

        **1.   The Procedure Required By the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff, Mr. Arbuthnot, caused the first notice regarding the pendency of this Action to be published on *Business Wire*, a national, business-oriented newswire service, on October 11, 2011. *See* Rosenfeld Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Mr. Arbuthnot Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Mr. Arbuthnot Has Complied With the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on December 12, 2011.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on October 11, 2011, Mr. Arbuthnot timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Mr. Arbuthnot has duly signed and filed a certification stating that he is willing to serve as a representative party on behalf of the Class.  *See* Rosenfeld Decl., Ex. C.  In addition, Mr. Arbuthnot has selected and retained competent counsel to represent himself and the Class.  *See* Rosenfeld Decl., Ex. D.  Accordingly, Mr. Arbuthnot has satisfied the individual requirements of 15 U.S.C. §78u4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and approval of selection of Lead Counsel, as set forth herein, considered and approved by the Court.

#### b. Mr. Arbuthnot Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Rosenfeld Decl., Ex. C., Mr. Arbuthnot purchased Aeropostale common stock in reliance upon the materially false and misleading statements issued by defendants and was injured thereby.  In addition, Mr. Arbuthnot incurred a $14,893.20 loss on his transactions in Aeropostale common stock.  *See* Rosenfeld Decl., Ex. B.  Mr. Arbuthnot thus has a significant financial interest

in this case. Therefore, Mr. Arbuthnot satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in the Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c.  Mr. Arbuthnot Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997). Mr. Arbuthnot satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the

generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004).

Mr. Arbuthnot satisfies this requirement because, just like all other Class members, he: (1) purchased Aeropostale common stock during the Class Period; (2) purchased Aeropostale common stock in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Mr. Arbuthnot's claims are typical of those of other Class members since his claims and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Arbuthnot to represent the Class to the existence of any conflicts between the interests of Mr. Arbuthnot and the members of the Class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, Mr. Arbuthnot is an adequate representative of the Class. As evidenced by the injury suffered by Mr. Arbuthnot, who purchased Aeropostale common stock at prices allegedly artificially

inflated by defendants' materially false and misleading statements, the interests of Mr. Arbuthnot are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Mr. Arbuthnot's interests and those of the other members of the Class. Further, Mr. Arbuthnot has taken significant steps which demonstrate he will protect the interests of the Class: he has retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, Mr. Arbuthnot's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Mr. Arbuthnot *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve Mr. Arbuthnot's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  In this regard, Arbuthnot has selected Robbins Geller  and Holzer to serve as Lead Counsel. Both firms have substantial experience in the prosecution of shareholder and securities class actions in this District and elsewhere. *See*, *e.g.*, *Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846, at *7 (S.D.N.Y. Dec. 3, 2008) (approving selection of Robbins Geller); *In re Orion Secs. Litig.*, 2008 U.S. Dist. LEXIS 55368, at *17-18 (S.D.N.Y. July 8, 2008) (same); *Brenner v. Future Graphics, LLC*, Civil Case No. 1:06-cv-0362-CAP (N.D. Ga.) (Holzer served as court-appointed co-lead counsel)*; Stockman v. Flotek Industries, Inc.*, Civil Case No. 4:09-cv-02526 (S.D. Tex.) (Holzer served as court-appointed co-lead counsel)*; Nortel Networks Corp. Sec. Litig.*, Civil Case No. 1:09-cv-04691-SAS (S.D.N.Y.) (same); Rosenfeld Decl., Exs. D, E. Accordingly, the Court should approve Mr. Arbuthnot's selection of Lead Counsel.

## IV.     CONCLUSION

For all the foregoing reasons, Mr. Arbuthnot respectfully requests that the Court: (i) appoint him as Lead Plaintiff in the Action; (ii) approve his selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  December 12, 2011

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.


                                    */s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

HOLZER HOLZER & FISTEL, LLC
MICHAEL I. FISTEL, JR.
MARSHALL P. DEES
200 Ashford Center North, Suite 300
Atlanta, GA  30338
Telephone:  770/392-0090
770/392-0029 (fax)

[Proposed] Lead Counsel for Plaintiff

- 8 -

**CERTIFICATE OF SERVICE**

I, David A. Rosenfeld, hereby certify that, on December 12, 2011, I caused a true and correct copy of the attached:

>Notice of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel;
>
>Memorandum in Support of the Motion of J. Robert Arbuthnot for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; and
>
>Declaration of David A. Rosenfeld in Support of the Motion of J. Robert Arbuthnot for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ David A. Rosenfeld*
David A. Rosenfeld