UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**COURTESY COPY**

| | |
|---|---|
| THE CITY OF PROVIDENCE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) No. 11-CV-7132 (CM)(GWG) |
| Plaintiff, | ) ) CLASS ACTION |
| vs. | ) ) |
| AEROPOSTALE, INC., THOMAS P. JOHNSON and MARC D. MILLER, | ) ) ) |
| Defendants. | ) ) ) |

[~~PROPOSED~~] **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, Lead Plaintiff the City of Providence, on behalf of itself and the Class, and Defendants entered into a Stipulation and Agreement of Settlement, dated January 29, 2014, in the above-captioned Action (the "Stipulation"), which is subject to Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Amended Class Action Complaint for Violation of the Federal Securities Laws, dated February 10, 2012 (the "Complaint") on the merits and with prejudice (the "Settlement"); and

WHEREAS, by Order entered July 17, 2013, the Court, on the terms and conditions stipulated by Lead Plaintiff and Defendants, certified the Action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure as a class action on behalf of all persons and entities that purchased or otherwise acquired the publicly traded common stock of Aéropostale from March 11, 2011 through August 18, 2011, inclusive, and who were damaged thereby; and

WHEREAS, excluded from the Class are (i) Defendants; (ii) members of the Immediate Family of the Individual Defendants; (iii) any person who was an Officer or Director of Aéropostale during the Class Period; (iv) any firm, trust, partnership, corporation, or other entity in which any Defendant has or had a controlling interest during the Class Period; (v) the liability insurance carriers of Defendants' Directors and Officers, and any affiliates or subsidiaries thereof; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party; and

WHEREAS, under the terms of the Stipulation, any Person that otherwise qualifies as a Class Members but properly excludes himself, herself, or itself by timely submitting a valid request for exclusion in accordance with the requirements set forth in the Notice are also excluded from the Class; and

WHEREAS, Lead Plaintiff has made an application pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement in accordance with the Stipulation, directing notice thereof to the Class, and setting a date for the Settlement Hearing, as more fully described herein; and

WHEREAS, the Court has reviewed and considered Lead Plaintiff's motion, the declaration, and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement; and

WHEREAS, Lead Plaintiff and Defendants have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein shall have the meanings set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 30th day of January 2014 that:

1. **Preliminary Approval of the Settlement**. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below in Paragraph 2.

2. **Settlement Hearing**. A Settlement Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on May 9, 2014, at 10:01 A.m. for the following purposes:

   (a) to determine whether the proposed Settlement on the terms and conditions set forth in the Stipulation is fair, reasonable, and adequate, and should be finally approved by the Court;

   (b) to determine whether the proposed Judgment, as provided under the Stipulation, should be entered; and whether the releases set forth in the Stipulation should be provided to the Parties;

   (c) to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

   (d) to consider Lead Counsel's application for an award from the Settlement Fund of attorneys' fees and reimbursement of litigation expenses incurred in prosecuting the Action (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995); and

   (e) to rule upon such other matters as the Court may deem appropriate.

3. The Court may approve the Settlement with or without modification and with or without further notice to the Class of any kind. The Court may also enter the Judgment

3

approving the Settlement regardless of whether it has approved the Plan of Allocation or the Fee and Expense Application, in whole or in part. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to Class Members.

4. **Retention of Claims Administrator and Manner of Notice**. The Court approves the form and content of the Notice, Proof of Claim form, and Summary Notice, substantially in the forms annexed hereto as Exhibits 1-3, respectively.

5. The Court approves the retention of A.B. Data Ltd. as the Claims Administrator to administer the notice procedure as well as the processing of Proofs of Claim, under Lead Counsel's supervision, as more fully set forth herein.

6. Notice of the Settlement and the Settlement Hearing shall be given in the following manner:

(a) Aéropostale, to the extent it has not already done so, shall use its best efforts to provide, or cause to be provided, to Lead Counsel or the Claims Administrator a searchable list in electronic form of the names and addresses of Persons that were record holders of Aéropostale Common Stock during the Class Period no later than ten (10) calendar days after entry of this order;

(b) Lead Counsel shall cause the Claims Administrator to send the Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, by first-class mail, postage prepaid, on or before twenty (20) calendar days after entry of this order ("Notice Date"), to all potential Class Members whose addresses can be identified with reasonable effort;

(c) Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

(d) Lead Counsel shall cause the Claims Administrator to send a copy of the Notice, substantially in the form attached hereto as Exhibit 1, by first-class mail, postage prepaid, to any putative Class Member that makes a request for a copy of the Notice within seven (7) calendar days upon receipt of such a request;

(e) Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of mailing and publication, as applicable, of the Notice, Summary Notice, and Proof of Claim form no later than seven (7) calendar days before the Settlement Hearing.

7. The Court finds that providing notice of the Settlement and Settlement Hearing in the manner set forth in Paragraph 6 of this order (i) constitutes the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise potential Class Members of the proposed Settlement, the effect of the proposed Settlement (including the releases therein), their right to exclude themselves from the Class or object to any aspect of the proposed Settlement (and appear at the Settlement Hearing), the Fee and Expense Application, and the proposed Plan of Allocation; (iii) shall constitute due and sufficient notice to all Persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 78u-4(a)(7), and the United States Constitution (including the Due Process Clause).

8. **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons that purchased or

otherwise acquired Aéropostale Common Stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, postage prepaid, or (ii) request additional copies of the Notice and Proof of Claim, and within seven (7) calendar days of receipt of such copies send them directly to the beneficial owners by first class mail. Nominee purchasers who elect to send the Notice and Proof of Claim directly to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any nominee purchasers requesting such copies for the purpose of distribution to beneficial owners, and those nominee purchasers shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

9.  **Participation in the Settlement**. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)  A properly executed Proof of Claim form, substantially in the form annexed hereto as Exhibit 2, supported by such information or documents as requested therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable, must be submitted to the Claims Administrator at the address indicated in the Notice, postmarked or received no later

than 120 calendar days after the Notice Date, unless extended by Court order or by Lead Counsel in its discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid, and addressed in accordance with the instructions thereon), provided such Proof of Claim is actually received prior to the motion for the Distribution Order being filed. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received at the address designated in the Notice. Any Class Member who does not timely submit a Proof of Claim by the date designated therein shall be barred from sharing in the distribution of the Net Settlement Fund or receiving any payment pursuant to the Stipulation, unless late-filed Proofs of Claim are accepted by Court order or within the discretion of Lead Counsel, but shall in all other respects be bound by all the terms of the Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment that may be entered in the Action and all releases provided in the Stipulation, as provided by Paragraph 10 of this order.

(b)    The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel in its discretion; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and

contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)   As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

10.   **Exclusion from the Settlement Class**. Class Members shall be bound by all orders, determinations, and judgments in this Action, whether favorable or unfavorable, and all terms of the Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment that may be entered in the Action and all releases provided in the Stipulation, unless such Persons are properly excluded from the Class, as provided herein. A Person otherwise qualifying as a Class Member wishing to exclude himself, herself, or itself from the Class must mail a written request by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Each such request for exclusion must state the name, address, and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class in *The City of Providence v. Aeropostale, Inc.*, No. 11-cv-07132 (CM)(GWG) (S.D.N.Y.)," and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to, the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and/or sales of Aéropostale Common Stock during the Class Period, and the amount of holdings of such stock. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or it is otherwise accepted by the Court.

11.   Any Person who timely and validly requests exclusion from the Class in compliance with the terms set forth in this order shall not be bound by the terms of the

8

Settlement or any orders or Judgments that may be entered in the Action and shall not receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

12. **Appearance and Objections to the Settlement**. Any Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

13. The Court will consider any Class Member's objection to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application only if such Class Member mails a written statement of all his, her, or its objection(s) and supporting papers to Lead Counsel, Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, and Defendants' Counsel, Joseph S. Allerhand, Weil, Gotshal & Manges LLP, 767 Fifth Avenue New York, New York 10153, in the manner set forth in the Notice, such that they are received no later than twenty one (21) calendar days before the Settlement Hearing, and files said objections and supporting papers with the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, no later than twenty one (21) calendar days before the Settlement Hearing; provided, however, that a Person otherwise qualifying as a Class Member who submits a timely and valid request for exclusion from the Class in accordance with this order will not be permitted to submit an objection to any aspect of the Settlement. If a Class Member timely and properly serves and files written objections in accordance with this order and the Notice, Lead Counsel and Defendants' Counsel may, as they deem appropriate, submit responsive papers in support of the Settlement, any term(s) of the Stipulation, the Plan of Allocation, or the Fee and Expense Application in accordance with

Paragraph 17 of this order. Attendance at the Settlement Hearing is not necessary; however, Class Members wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in the written statement of objection(s) their intention to appear at the Settlement Hearing. Class Members wishing to present evidence at the Settlement Hearing must include in the written statement of objection(s) the identity of any witnesses he, she, or it will call to testify in support of the objection(s), and a list of any exhibits he, she, or it will introduce into evidence at the Settlement Hearing.

14. A Class Member that fails to make his, her, or its objection(s) in the manner provided for in the Notice and this order shall be deemed to have waived such objection(s) and forfeited any and all rights he, she, or it may otherwise have to object to any aspect of the Settlement, to the Plan of Allocation, or the Fee and Expense Application, or appear separately at the Settlement Hearing, unless otherwise ordered by the Court, but shall in all other respects (i) be bound by all the terms of the Settlement, including the terms of the Judgment or Alternative Judgment that may be entered in the Action and all releases provided in the Stipulation; (ii) be bound by all proceedings, determinations, orders, releases, and judgments in the Action; and (iii) will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant Party that is based upon, arises out of, or relates to any and all of the Released Plaintiffs' Claims. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

15. **Stay**. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on

their behalf, shall not institute, commence, or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

16. **Settlement Administration Expenses**. As provided in the Stipulation, prior to the Effective Date, Lead Counsel may expend up to $250,000 from the Settlement Fund to pay Notice and Administration Expenses actually and reasonably incurred without further approval from Defendants and without further order of the Court.

17. **Supporting Papers**. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing in Paragraph 2. If responsive papers are necessary, as provided in Paragraph 13, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

18. **Settlement Fund**. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person other than a Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

19. All funds held in escrow shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

20. **Plan of Allocation**. Neither Defendants nor Defendants' Counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the Plan of Allocation or any

Fee and Expense Application submitted by Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

21.    **Termination**. If the Settlement fails to become effective in accordance with the terms of the Stipulation or is terminated as provided in the Stipulation (including any amendments thereof), then, in any such event, this order shall be vacated, rendered null and void, and be of no further force or effect, without prejudice to any Party, except as provided by and in accordance with the Stipulation, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to October 29, 2013; and the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered. Consistent with Paragraph 55 of the Stipulation, if the Settlement is terminated in accordance with the Stipulation, the Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason, Lead Counsel shall refund the amount of any award of attorneys' fees and/or litigation expenses already paid to Lead Counsel, plus accrued earnings at the same net rate and for the same periods as is earned by the Settlement Fund, no later than thirty (30) calendar days after receiving notice of the events in Paragraph 15 of the Stipulation.

22.    **Use of this Order**. This order, the Stipulation, the Settlement, whether or not consummated, and whether or not approved by the Court, and any discussions, negotiations, acts performed, proceedings, communications, drafts, documents, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, communications, or agreements, shall not be offered or received against or to the prejudice of the Parties for any purpose other than in an action to enforce the terms of the Stipulation and the Settlement, and in particular:

(a) do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of, Defendants as evidence of (or deemed to be evidence of) any admission, concession, or presumption by any Defendants with respect to (i) the truth of any allegation in any complaint filed in the Action (whether by Lead Plaintiff or otherwise); (ii) the validity of any claim that has been or could have been asserted in the Action or in any litigation or proceeding in any forum, including but not limited to the Released Plaintiffs' Claims; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation or proceeding in any forum; or (iv) of any liability, damages, negligence, fault, or wrongdoing of Defendants or any Person whatsoever;

(b) do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of, Defendants as evidence of (or deemed to be evidence of) any admission, concession, or presumption of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff or any Class Member as evidence of any infirmity in the claims of Lead Plaintiff or any Class Member;

(c) do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of, Defendants, Lead Plaintiff, or any Class Member as evidence of (or deemed to be evidence of) any admission, concession, or presumption with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement;

13

(d) do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of, Defendants, Lead Plaintiff, or any Class Member as evidence of (or deemed to be evidence of) any admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of, Lead Plaintiff or any Class Member as evidence of (or deemed to be evidence of) any admission, concession, or presumption that any of their claims are without merit or infirm or that damages recoverable under the Complaint (or any other complaint filed in the Action) would not have exceeded the Settlement Amount.

23. **Retention of Jurisdiction**. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: January 30, 2014

_____
Honorable Colleen McMahon
UNITED STATES DISTRICT JUDGE