UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE CITY OF PROVIDENCE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 11-CV-7132 (CM)(GWG) |
| Plaintiff, | ) ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | |
| AÉROPOSTALE , INC., THOMAS P. JOHNSON and MARC D. MILLER, | ) ) ) | |
| Defendants. | ) ) | |

**<u>REPLY DECLARATION OF JONATHAN GARDNER</u>**

I, JONATHAN GARDNER, declare as follows pursuant to 28 U.S.C. §1746:

1. I am a partner of the law firm of Labaton Sucharow LLP ("Labaton Sucharow"). Labaton Sucharow is the Court-appointed lead counsel ("Lead Counsel") for the Court-appointed Lead Plaintiff and Class Representative, the City of Providence ("Lead Plaintiff" or "Providence"), in this securities class action (the "Action"). I have personal knowledge of the matters set forth herein based on my participation in the prosecution and settlement of the claims asserted on behalf of the Class.[1]

2. I respectfully submit this Declaration in further support of Lead Plaintiff's motion for final approval of the proposed Settlement with Defendants Aéropostale, Inc., Thomas P. Johnson, and Marc D. Miller. I also respectfully submit this Declaration in support of Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses and Lead

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Stipulation and Agreement of Settlement dated January 29, 2014 (the "Stipulation") and filed with the Court on January 29, 2014 (ECF No. 54-1).

1

Plaintiff's request for expenses, including lost wages, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3. As stated in the accompanying memorandum of law, my office has not received any requests, via mail, telephone, e-mail, or otherwise, for copies of the papers in support of the motion for approval of the proposed settlement or the papers in support of the motion for attorneys' fees and expenses. The motion papers have been posted on the settlement website and Lead Counsel's website since April 21, 2014.

4. As explained in Lead Counsel's motion requesting attorneys' fees and expenses, Plaintiffs' Counsel have submitted individual firm declarations setting forth lodestar and expense information. ECF Nos. 60 at 17-18; 61 ¶¶119-120. With respect to lodestars, the firms have applied either their current rates or 2013 rates. ECF No. 60 at 18. Lead Counsel applied 2013 rates and its lodestar makes up approximately 92% of the total lodestar of Plaintiffs' Counsel. ECF Nos. 60 at 18; 61-4 ¶5; 61-7.

5. In 2013 and 2014, more than half a dozen courts across the country approved of Lead Counsel's 2013 billing rates, or prior rates in the case of employees who left the firm before 2013, and have granted fee awards based on the same rates the firm has submitted here. *See In re Constellation Energy Grp., Inc. Sec. Litig.*, No. 08-cv-02854 (D. Md. Nov. 4, 2013), ECF Nos. 188-6, 193 (awarding fee of 33.3% of $4 million settlement with 0.47 multiplier); *The Esche Fund, et al. v. Fifth Third Bancorp, et al.*, No. 08-cv-421 (S.D. Ohio Nov. 20, 2013), ECF Nos. 213-6, 225 (awarding fee of 33.3% of $16 million settlement with 0.56 multiplier); *In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.*, No. 09-md-2009 (W.D. Tenn. Aug. 5, 2013), ECF Nos. 304-6, 364 (awarding fee of 30% of $62 million settlement with 3.1 multiplier); *In re Carter's, Inc. Sec. Litig.*, No. 08-cv-2940 (N.D. Ga. Oct. 11, 2013), ECF. Nos. 163-5, 168

(awarding fee of 30% of $3.3 million settlement with 1.4 multiplier); *In re Coventry Healthcare, Inc. Sec. Litig.*, No. 09-cv-2337 (D. Md. Oct. 29, 2013), ECF Nos. 108-6, 115 (awarding fee of 27.5% of $10 million settlement with 2 multiplier); *David Hoppaugh, et al. v. K12 INC., et al.*, No. 12-cv-00103 (E.D. Va. July 25, 2013), ECF. Nos. 148-5, 164 (awarding fee of 25% of $6,750,000 settlement with 0.21 multiplier); *City of St. Clair Shores General Employees' Ret. Sys. v. Lender Processing Servs., Inc., et al.*, No. 10-cv-1073 (M.D. Fla. Mar. 4, 2014), ECF Nos. 114-3, 120 (awarding fee of 25% of $13,100,000 with 1.1 multiplier).  Recently, Lead Counsel's 2014 billing rates, which are slightly higher than its 2013 rates, were approved in *Public Pension Fund Group, et al. v. KV Pharmaceutical Co, et al.*, No. 08-cv-01859 (E.D. Mo. Apr. 23, 2014), ECF Nos. 192-7, 199 (awarding fee of 30% of $12.8 million settlement with 1.6 multiplier).

6.	I have not received a copy of Donald Pierson's claim form, as mentioned in his objection.  ECF No. 62 at 1.

7.	Annexed hereto as Exhibit 1 is a true and correct copy of the Supplemental Declaration of Adam D. Walter on Behalf of A.B. Data Ltd., dated May 2, 2014, with annexed exhibits.

8.	Annexed hereto as Exhibit 2 is a true and correct copy of the letter from Eric N. Opp to the Court, dated April 10, 2014.

9.	Annexed hereto as Exhibit 3 is a true and correct copy of Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical Legal Stud. 811, 833 (2010).

 I declare, under penalty of perjury, that the foregoing facts are true and correct.  Executed on May 2, 2014.

						*/s/ Jonathan Gardner*
						JONATHAN GARDNER

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2014, I caused the foregoing REPLY DECLARATION OF JONATHAN GARDNER to be served electronically on all ECF participants.

                                                   s/ *Jonathan Gardner*
                                                 JONATHAN GARDNER