UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CITY OF PROVIDENCE, Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) AEROPOSTALE, INC., THOMAS P. JOHNSON and MARC D. MILLER, ) ) ) Defendants. ) ) | No. 11-CV-7132 (CM)(GWG) CLASS ACTION 5/14/14 |

[~~PROPOSED~~] FINAL ORDER AND JUDGMENT

WHEREAS:

A. Lead Plaintiff the City of Providence, on behalf of itself and the Class, and Defendants entered into a Stipulation and Agreement of Settlement, dated January 29, 2014, in the above-captioned Action (the "Stipulation").

B. By Order entered July 17, 2013, the Court, on the terms and conditions stipulated by Lead Plaintiff and Defendants, certified the Action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure as a class action on behalf of all persons and entities that purchased or otherwise acquired the publicly traded common stock of Aéropostale from March 11, 2011 through August 18, 2011, inclusive, and who were damaged thereby.

C. Excluded from the Class are (i) Defendants; (ii) members of the Immediate Family of the Individual Defendants; (iii) any person who was an Officer or Director of Aéropostale during the Class Period; (iv) any firm, trust, partnership, corporation, or other entity in which any Defendant has or had a controlling interest during the Class Period; (v) the liability

insurance carriers of Defendants' Directors and Officers, and any affiliates or subsidiaries thereof; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class is any Person that otherwise qualifies as a Class Member but properly excludes himself, herself, or itself by timely submitting a valid request for exclusion in accordance with the requirements set forth in the Notice. A list of all Persons properly excluded from the Class is annexed hereto as Exhibit A.

D. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered January 31, 2014 (the "Preliminary Approval Order"), the Court scheduled a Settlement Hearing for May 9, 2014, at 10:00 a.m. to, among other things: determine (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) whether a Judgment as provided for in the Stipulation should be entered.

E. The Court ordered that the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be sent by first-class mail, postage prepaid, on or before twenty (20) calendar days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members whose addresses could be identified with reasonable effort, and that a Summary Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's*

*Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.

F. The Notice and the Summary Notice advised Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court no later than April 18, 2014, and mailed to counsel for the Parties such that they were received by April 18, 2014.

G. Lead Plaintiff and Lead Counsel complied with the provisions of the Preliminary Approval Order as to dissemination and publication of the Notice, Summary Notice, and Proof of Claim.

H. On April 4, 2014, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on May 9, 2014, at which time all interested Persons were afforded the opportunity to be heard.

I. This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations, and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on January 29, 2014 (ECF No. 54-1); and (ii) the Notice and Summary Notice filed with the Court on April 4, 2014 (ECF No. 61-3, Exs. A and C). Capitalized terms used but not otherwise defined in this Judgment shall have the meaning set forth in the Preliminary Approval Order and in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

3. The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim, as applicable, for Class Members (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) was reasonably calculated, under the circumstances, to apprise potential Class Members of the effect of the proposed Settlement (including the releases therein), their right to exclude themselves from the Class or object to any aspect of the proposed Settlement (and appear at the Settlement Hearing), the Fee and Expense Application, and the proposed Plan of Allocation; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules.

4. To the extent Eric N. Opp has objected to the certified Class or to the Settlement and Donald Robert Pierson II has objected to the notice of the Settlement, the Court has considered the objections, submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure, and finds and concludes that they are without merit and are hereby rejected.

5. In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation against Defendants, and the risks of establishing liability and damages, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of Lead Plaintiff and the Class. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between

experienced counsel representing the interests of Lead Plaintiff, the Class, and Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

6. The Amended Class Action Complaint for Violation of the Federal Securities Laws, filed on February 10, 2012 (the "Complaint"), is hereby dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

7. The Court further finds that during the course of the Action, Lead Plaintiff, Defendants, and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

8. Upon the Effective Date, Lead Plaintiff and each and every other Class Member, regardless of whether that Person actually submits a Proof of Claim, seeks or obtains a distribution from the Net Settlement Fund, or is entitled to receive a distribution under the Plan of Allocation, on behalf of themselves and each of their respective past, current, or future heirs, executors, trustees, administrators, predecessors, successors, representatives, agents, assigns, and any other Person who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Class Member, any of the Released Plaintiffs' Claims (or to obtain the proceeds of any recovery therefrom) (i) have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties; (ii) have and be deemed to have covenanted not to sue, directly or indirectly, any of the Released Defendant Parties with respect to any and all of the Released Plaintiffs' Claims; and (iii) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise) (expect as a witness compelled by subpoena or court order and no remuneration is received for such

action(s)), or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises out of, or relates to any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

9. Upon the Effective Date, the Released Defendant Parties shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

10. Nothing in this Judgment shall prevent any Person listed on Exhibit A annexed hereto that timely submitted a valid request for exclusion from commencing, prosecuting, or asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties. If any such Person commences, prosecutes, or asserts any of the Released Plaintiffs' Claims against any of the Released Defendant Parties, nothing in this Judgment shall prevent the Released Defendant Parties from asserting any claim of any kind against such Person, including any of the Released Defendants' Claims, or from seeking contribution or indemnity from any Person, including another Released Defendant Party, in respect of the claim of that Person who is excluded from the Class pursuant to a timely and valid request for exclusion.

11. In accordance with 15 U.S.C. § 78u-4(f)(7)(A), upon the Effective Date, except as provided in Paragraph 12, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that Person is that

6

Person's actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, or arising out of the Released Plaintiffs' Claims, against each and every one of the Released Defendant Parties, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court, any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum, whether in the United States or elsewhere; and, except as provided in Paragraph 12, the Released Defendant Parties are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Released Defendant Party is that Released Defendant Party's actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, or arising out of the Released Plaintiffs' Claims, against any Person, other than a Person whose liability to the Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court, any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum, whether in the United States or elsewhere.

12. Notwithstanding the Bar Order in Paragraph 11, and for the avoidance of doubt, nothing in this Judgment shall (i) bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation, the Settlement, the Preliminary Approval Order, or the Judgment or Alternative Judgment; or (ii) bar any action by the Released Defendant Parties to enforce the protections from liability granted to them under this Stipulation; or (iii) bar the Released Defendant Parties from asserting any claims against their own insurers.

13. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund, is bound by this Judgment, including, without limitation, the release of claims as set forth in Paragraphs 8-9 of this Judgment. The Persons listed in Exhibit A annexed hereto are excluded from the Class pursuant to their valid and timely request for exclusion and are not bound by the terms of the Stipulation or this Judgment.

14. This Judgment, the Stipulation, the Settlement, whether or not consummated, and any discussions, negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of, Defendants as evidence of, (or deemed to be evidence of) any presumption, concession, or admission by any of the Defendants with respect to (i) the truth of any allegation filed in the Action (whether by Lead Plaintiff or otherwise) (ii) the validity of any claim that has been or could have been asserted in the Action or in any litigation or proceeding in any forum, including but not limited to the Released Plaintiffs' Claims; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation or proceeding in any forum; or (iv) of any liability, damages, negligence, fault, or wrongdoing of Defendants or any Person whatsoever;

(b) do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of, Defendants as evidence of (or deemed to be evidence of) a presumption, concession, or admission of any fault, misrepresentation, or omission with respect

8

to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff or any Class Members as evidence of any infirmity in the claims of Lead Plaintiff or any Class Member;

(c) do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of, Defendants, Lead Plaintiff, or any Class Member as evidence of (or deemed to be evidence of) any presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement;

(d) do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of, Defendants, Lead Plaintiff, or any Class Members as evidence of (or deemed to be evidence of) any admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of, Lead Plaintiff or any Class Member as evidence of (or deemed to be evidence of) any admission, concession, or presumption against Lead Plaintiff or any other members of the Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint (or any other complaint filed in the Action) would not have exceeded the Settlement Amount.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or is terminated as provided in the Stipulation (including any

9

amendments thereof), then this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as provided by and in accordance with the Stipulation, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to the date of the mediation that led to the Settlement, October 29, 2013. Consistent with Paragraph 55 of the Stipulation, if the Settlement is terminated in accordance with the Stipulation, the Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason, Lead Counsel shall refund the amount of any award of attorneys' fees and/or litigation expenses already paid to Lead Counsel from the Settlement Fund, plus accrued earnings at the same net rate and for the same periods as is earned by the Settlement Fund, no later than thirty (30) calendar days after receiving notice of the events in Paragraph 15 of the Stipulation.

16. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. Lead Plaintiff and Defendants are hereby directed to consummate the Stipulation and to perform its terms.

18. A separate order shall be entered regarding the proposed Plan of Allocation and Lead Counsel's Fee and Expense Application. Such orders shall in no way disturb, affect, or delay this Judgment or the Effective Date of the Settlement and shall be considered separate from this Judgment.

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance,

disallowance, or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (v) all Parties for the purpose of construing, enforcing, and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

20. There is no just reason for delay in the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action.

Dated: 14 May, 2014

Honorable Colleen McMahon
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

Albert R. Cox, Jr.

Terry Edwards