```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------------x

 3   THE CITY OF PROVIDENCE, et. al.,

 4                  Plaintiffs,

 5            v.                               11 CV 7132(CM)

 6   AEROPOSTALE, INC., et al.,

 7                  Defendants.

 8   ------------------------------------x
                                               New York, N.Y.
 9                                             May 9, 2014
                                               10:00 a.m.
10
     Before:
11
                          HON. COLLEEN McMAHON
12
                                            District Judge
13
                               APPEARANCES
14
     LABATON & SUCHAROW LLP
15        Attorneys for Plaintiffs
     BY:  JONATHAN GARDNER
16        NICOLE M. ZEISS
          CAROL CECILIA VILLEGAS
17        LISA M. LAMB

18   WEIL, GOTSHAL & MANGES LLP
          Attorneys for Defendants
19   BY:  JOSEPH S. ALLERHAND
          CAROLINE ZALKA
20

21

22

23

24

25
```

1              (Case called)
2              THE COURT:  This matter is on for a hearing to approve
3     the settlement of the class action that has been pending here
4     now since the middle of 2011.
5              I have reviewed all of your papers, including reply
6     papers and the couple of objections that were filed, so I will
7     hear anything that you want to say to supplement that which you
8     have submitted in writing.
9              Counsel.
10             MR. GARDNER:  Good morning, your Honor.
11             I will be brief.
12             Just as a general matter, we are happy to have brought
13    this case to resolution.  It settles a case that has been
14    pending for over two and a half years.
15             I think the most important thing to focus on is the
16    reaction of the class.  Despite sending out over 45,000
17    notices, the response that we have received has been
18    overwhelming positive.  We have only two requests for
19    exclusion, representing about 40 shares of stock and we have
20    only two objectors.  Neither of the objectors nor those who
21    seek exclusion are institutional investors or government
22    entities of any kind.  They are individuals with very limited
23    holdings in the stock, so in the context of class action
24    litigation settlements, I would submit that that is an
25    extraordinary positive response from the class.  Despite a

while to run, we did check with the claims administrator as of last night and there were almost 2,000 claims already submitted.

    THE COURT:  Excellent.

    MR. GARDNER:  Generally, most of the claims come in right at the very end, they are by institutional investors and they come in, in bulk by brokers, etc., but having already received nearly 2,000 claims with only two objectors and two opt-outs is fairly extraordinary and very positive.

    Other than that, I am happy to respond to any questions you have.

    THE COURT:  Your papers were excellent.

    MR. GARDNER:  Thank you, your Honor.

    THE COURT:  You will recognize portions of them in the opinion.

    Anything that you all want to say for the defendants?

    MS. ZALKA:  No, nothing from defendants.

    THE COURT:  I know what it is like to be on the back table.

    I am going to approve the settlement.  I have an opinion in draft which we will release later today.

    You are right, it is the reaction of the class and the tenuousness of the objections -- two of the objections, obviously, were to the amount of your attorneys' fees. Especially in light of the amount of the discovery, I thought

that in your reply brief you did an excellent job of tweaking out the mathematical flaw in the calculation of what the recovery was likely to be.  That has been incorporated into the opinion.

I just want to say on the record, this is the rare case where I have no problem with the 33 percent fee.  And it is a rare case where I have no problem with a 33 percent fee, but that is because this case has actually been litigated.  This is not a case where there has been -- and I don't mean to denigrate the work done on other cases, but this was not a case where there was a relatively quick settlement followed by confirmatory discovery.  This was a case where you all were way, way down the pike in the litigation before Judge Weinstein came in and knocked your heads together and got you to settle it.

And aside from the fact that I have never seen a settlement from Judge Weinstein that I couldn't approve because I know him and I know his reputation and I how hard he works on these cases.

There is merit and virtue in compensating a plaintiffs' counsel who has conducted extensive merits discovery in the case and who after having done extensive merits discovery has reached the conclusion that this is the number at which to settle.  I am sure you would like to settle for a bigger number.  I am sure Aeropostale would have liked to

1  settle for a smaller number.  But in this context of a fully
2  litigated case and a very meaningful mediation, I am happy to
3  approve the settlement.
4         And now I mean no disrespect to the City of
5  Providence.  It is a great city.  And I am sure it has been a
6  wonderful lead plaintiff but I have been very troubled for a
7  long time by the practice of giving tips to the lead plaintiff,
8  and I have said that a couple of times and this is the case
9  where I am drawing the line.  The City of Providence did
10 absolutely nothing more in this case than a plaintiff has to do
11 in every case without compensation -- it responded to
12 legitimate discovery requests; it consulted with its lawyers;
13 it reviewed papers drafted by one of the finest law firms in
14 the city of New York, I am sure its comments were valuable --
15 the city solicitor of the City of Providence is probably one of
16 the finest lawyers in America.
17        But when you bring a lawsuit as a member of a class, I
18 don't quite understand this practice that has grown up of
19 offering what is, in essence, a tip to the lead plaintiff.  And
20 so this ends up being the case where I draw the line.  So there
21 will not be extra compensation above and beyond the
22 participation in the settlement for the City of Providence.
23        But other than that, I am approving all of the aspects
24 of the settlement.
25        MR. GARDNER:  Can I just be heard?  I am probably not

1    going to persuade you otherwise and probably not trying to, I
2    would like to just give you the context of the request just
3    because I think it might be helpful.
4           THE COURT:  It is probably a stupid case for me to
5    draw the line because I am sure you got much more help from the
6    City of Providence than class plaintiffs get from John Smith on
7    behalf of the class.
8           MR. GARDNER:  I would say that is absolutely true in
9    this case, but the origin of the request is actually in the
10   statute, in the PSLRA itself, incentivizing institutional
11   investors that have a lot of different things on their plate,
12   to step up and be a lead plaintiff.  It is not giving them
13   anything above what the class is getting.  What it is doing is
14   reimbursing them for time spent that they would be doing other
15   city business.
16          In this case, the City did do more than typical.  We
17   went up there at least two or three times to collect their
18   documents.  We invaded their ESI.  We shut down some computers
19   so we could recover and make sure our production was fulsome.
20   They did prepare and sit for a deposition.  So they were very
21   involved in the litigation.  It is really reimbursing their
22   lost wages that they would have been spending doing other City
23   business.
24          THE COURT:  The whole point is that they didn't do
25   lose any wages.  They paid their employees and on that

1  particular day, they asked their employees to recover
2  documents.
3          MR. GARDNER:  That is true.
4          THE COURT:  Nobody missed a day of work.
5          MR. GARDNER:  The request from a monetary perspective
6  is relatively modest.
7          THE COURT:  That's why I called it a tip, it is a tip.
8          I will think about it, OK?
9          MR. GARDNER:  Thank you, your Honor.
10         THE COURT:  I appreciate that the statute authorizes
11 it.  Like many things about the PSLRA, I don't think it is the
12 smart thing to do.
13         MR. GARDNER:  I would agree with --
14         THE COURT:  There are a whole lot of things about the
15 PSLRA I don't think are particularly smart, like not letting
16 the judge run the case, but other than that -- all right, I
17 will think about it.  It does trouble me.  It really does
18 trouble me.
19         This will come out this afternoon.
20         Thank you all for the good, hard work that you put
21 into this case.
22         MR. GARDNER:  Thank you, your Honor.  It is very much
23 appreciated.
24
25                         o   0   o