UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

THE CITY OF PROVIDENCE, Individually and
On Behalf of all Others Similarly Situated,

                Plaintiffs,

      -against-                               11 Civ. 7132 (CM)(GWG)

AEROPOSTABLE, INC., et al.,

                Defendants.

----------------------------------------------------------------x

## ORDER CLOSING CASE

McMahon, J.:

        It is not worth the time or the trouble to prepare an opinion addressing in detail the many self-serving statements and incredibly weak arguments (including the defense of his rote objection to "gold standard" notice to the members of the class) in Objector's response to the court's order to show cause – particularly in a circuit that routinely second-guesses sanctions awarded by a district court. I thus limit myself to a few observations.

        The court is accustomed to receiving objections to the size of attorneys' fees in class actions. Objector and others should know that this is one area in which the court always gives the record very thorough review. I am familiar with the Fitzpatrick Study, which is routinely cited by form objectors in opposition to fee requests. It is, frankly, both outmoded (its data are seven years old) and far too blunt an instrument to impress me in a case like this one, where the parties went through substantial motion practice, class certification and considerable merits discovery prior to a mediated settlement superintended by a mediator widely recognized as the best in his business.

        I was intrigued by Objector's citation to *White v. Auerbach*, 500 F. 2d 822, 828 (2d Cir. 1974); it seemed to suggest that Objector thought he might be entitled to some sort of recovery for his efforts. *White* is, of course, a very old case; and while the proposition for which is stands is still good law, the fact that Objector failed to come up with a more recent citation is, I suspect, because few if any Objectors these days would be entitled to recover anything under the *White* standard. The Objectors with whom the court is more familiar are individuals who enter the fray

in the hope of a handout. Mr. Turkish has given me no reason to conclude that he is not a member of that group. He has certainly not provided the court with any assistance in its evaluation of his objection to the proposed fee award.  Indeed, he admits, in his response to the Order to Show Cause, that he "did not go into detail as to the concerns raised by Class Counsel's lodestar figure" in his objection (Response to Order to Show Cause at 9). This makes his citation to *In Re Citigroup*, 965 F. Supp. 2d 369 (S.D.N.Y. 2013) -- a case in which one of my colleagues reduced a fee request after receiving substantive input from an Objector – particularly ironic.

Professional objectors have always been with us and will always be with us. Now that this court has become acquainted with Mr. Turkish, his reputation will precede him should he turn up in future cases.

The clerk of the court is directed to close this case.

Dated: June 10, 2014

_____
U.S.D.J.

BYECF TO ALL COUNSEL