UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

THE CITY OF PROVIDENCE, Individually
and on behalf of All Others Similarly Situated,

        Plaintiff,

    -against-                                    11 Civ. 7132 (CM)(GWG)

AEROPOSTABLE, INC., THOMAS P.
JOHNSON and MARK D. MILLER,

        Defendants.

----------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/14

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REQUIRE THE OBJECTOR-APPELLANT TO POST AN APPEAL BOND

McMahon, J.:

    Fed. R. App. P. 7 permits a district court to require an appellant to post an appeal bond "to ensure that the appellee will be paid any costs that are awarded to him if the appellant is unsuccessful on appeal." The purpose of the rule is to "protect…an appellee against the risk of nonpayment by an unsuccessful appellant." *In re AOL Time Warner, Inc.*, 2007 WL 2741022, at *4 (S.D.N.Y. Sept. 20, 2007).

    The plaintiff, having succeeded in obtaining a settlement on behalf of the class to which there was virtually no objection, has asked this court to impose an appeal bond on a professional objector who has filed an appeal from this Court's approval of the settlement with the United States Court of Appeals for the Second Circuit.

    There is no basis in the record to conclude that the objector – an attorney from Texas – will not be able to cover an award of costs allowable under Fed. R. App. P. 39(e) to the plaintiff-appellee -- who will, I firmly believe, prevail without difficulty on appeal. Those costs, as the United States Supreme Court recently observed, are generally relatively modest in scope and amount, encompassing only "relatively minor, incidental expenses." *Teniguchi v. Kan Pac. Saipan, Ltd.*, -- U.S. -- , 132 S.Ct. 1997, 2006 (2012). Here, where the only transcript required is the transcript of the settlement approval hearing, those costs cannot possibly be more than a couple of thousand dollars – an amount that the objector seems quite capable of paying on the day when he loses his frivolous appeal.

However, appellant's status as a professional objector, who does not reside in this state or Circuit, and who would undoubtedly resist payment of taxable costs – thereby forcing the plaintiff-appellee to expend yet more time, effort and money to collect them – causes this court to conclude, as several of my colleagues have concluded in similar cases, that there is a risk of non-payment notwithstanding the appellant's apparent resources.

For that reason, I conclude that an appeal bond in the amount of $3000 is justified and I order objector-appellant to post same as a condition of pursuing his appeal.

That, however, is the limit of what this court is prepared to do. The law, as I understand it, does not allow this court to impose an appeal bond to cover an increase in the cost of administering the settlement occasioned by the delay due to the filing of an appeal. Rather, the costs that may be bonded under Rule 7 is "those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39." *In re American President Lines, Inc.*, 770 F. 2d 714, 716 (D.C. Cir. 1985). A number of my colleagues have so ruled recently, see, e.g., *In re IPO Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010); *In re AOL Time Warner, Inc., SEC and ERISA Litig.*, 2007 WL 2741033, *4 and n. 4 (S.D.N.Y. Sept. 20, 2007); *In re Currency Conversion Fee Antitrust Litig.*, 2010 WL 1253741, at *3 (S.D.N.Y. Mar. 5, 2010). There are, of course, statutes that make other types of expenses "taxable costs" – the Copyright Act and the Lanham Act, for example, make attorneys' fees a form of "costs" that can be taxed on appeal, and so encompassed in an appeal bond – but in this case, the only applicable fee-shifting statute is Fed. R. Civ. P. 39. Nowhere in that statute is there any support for the type of bond plaintiff here seeks.

The bond here sought is not a *supersedeas* bond, available under Rule 62(d) of the Federal Rules of Civil Procedure. Plaintiff specifically invokes Rule 7 of the Appellate Rules. It thus cannot obtain a bond to cover the additional cost of delaying the implementation of the settlement.

The motion is granted to the extent of ordering Objector-Appellant to post a bond in the amount of $3,000.00, and is otherwise denied. The Clerk of the Court is directed to remove the motion at Docket #75 from the court's list of open motions, and to close this file.

Dated: November 17, 2014

_____
U.S.D.J.

BY ECF TO ALL COUNSEL