# MANDATE

14-2135
*Arbuthnot v. Pierson*

N.Y.S.D. Case #
11-cv-7132(CM)

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand fifteen.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
SUSAN L. CARNEY,
 *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 09, 2015

J. ROBERT ARBUTHNOT, Individually and on behalf of all others similarly situated, THE CITY OF PROVIDENCE, Individually and on behalf of all others similarly situated,

 *Plaintiff-Appellee*,

-v.-  No. 14-2135

DONALD ROBERT PIERSON, II,

 *Objector-Appellant*,

MANDATE ISSUED ON 07/09/2015

AEROPOSTALE, INC., THOMAS P. JOHNSON,
MARC D. MILLER,

                 *Defendants.*

| | |
|---|---|
| FOR APPELLANT: | Joseph Darrell Palmer, Law Offices of Darrell Palmer PC, Carlsbad, CA. |
| FOR APPELLEE: | Jonathan Gardner, Nicole Zeiss, Carol Villegas, Labaton Sucharow LLP, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (McMahon, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Objector-Appellant Donald Robert Pierson, II, ("Pierson") appeals from an order of the United States District Court for the Southern District of New York, rejecting Pierson's objections and granting Plaintiff-Appellee City of Providence's ("Providence") motions for final approval of the class action settlement, plan of allocation, and attorneys' fees and expenses. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

Pierson contends that the District Court erred in approving the class action settlement because class members were not provided adequate notice and erred in approving the requested attorneys' fees award because the notice there was also inadequate and the award was excessive and premised on insufficient facts. We review a district court's decision regarding the form and content of notices sent to class members, as well as the fee award itself, for abuse of discretion. *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 438 (2d Cir. 2007); *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47–48 (2d Cir. 2000).

The adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 113–14 (2d Cir. 2005). "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Id*. at 114 (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982)). Here, the District Court did not abuse its discretion in finding the

3

settlement notice program carried out by Providence to be adequate both for the settlement approval and for the attorneys' fees.

As to Pierson's challenges to the District Court's approval of the attorneys' fees request, we have recognized that:

> "[A]buse of discretion" — already one of the most deferential standards of review — takes on special significance when reviewing fee decisions. The district court, which is intimately familiar with the nuances of the case, is in a far better position to make such decisions than is an appellate court, which must work from a cold record.

*Goldberger*, 209 F.3d at 47–48 (alterations, quotation marks, and citations omitted). Thus, the question on appeal "is not whether we would have awarded a different fee, but rather whether the district court abused its discretion in awarding this fee." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 134 (2d Cir. 2008) (per curiam). Here, the District Court carefully weighed the *Goldberger* factors and did not abuse its discretion in finding the attorneys' fees award acceptable.

We have considered all of Pierson's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the order of the District Court is **AFFIRMED**.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4